# SEIGAFOLAVA R. PENE (H/C) and CARMENCITA PENE, Appellants

v.

# BANK OF HAWAII, Appellee

High Court of American Samoa
Appellate Division

AP No. 11-89

February 11, 1991

Before FONG*, Acting Associate Justice, KLEINFELD**, Acting Associate Justice, MALEATASI, Acting Assocate Justice***, TAUANU'U, Chief Associate Judge, and LOGOAI, Associate Judge.

Counsel: For Appellants, Pro Se
For Appellee, John L. Ward II

Appellants Seigafolava R. Pene (H/C) and Carmencita Pene (hereinafter the Penes) petition this court for rehearing and/or reconsideration of the Opinion and Order filed by this court on December 11, 1990, affirming the trial court's order granting summary judgment in favor of appellee-plaintiff Bank of Hawaii.

Appellants first cite both an article entitled *Fa'asamoa vs. U.S. Constitution*, Samoa J. & Advertiser, Aug. 1, 1985, and a speech given

---

\*      Honorable Harold M. Fong, Senior Judge, United States District Court for the District of Hawaii, serving by designation of the Secretary of the Interior.

\*\*      Honorable Andrew J. Kleinfeld, District Judge, United States District Court for the District of Alaska, serving by designation of the Secretary of the Interior.

\*\*\*      Honorable Malaetasi M. Togafau, District Judge, High Court of American Samoa, serving by designation of the Secretary of the Interior.

by the acting Governor of American Samoa, Faleomavaega Eni Hunkin, on August 25, 1986, for the proposition that this court must follow traditional Samoan law and should therefore dismiss the instant complaint. Neither citation is binding upon this court, nor are they even persuasive, as neither represents a recitation of legal authority.

Appellants attempt to argue that the court has no jurisdiction over the instant suit. However, A.S.C.A. 3.0103, cited by appellants, clearly states that a court may exercise personal jurisdiction in civil cases over persons residing or found in American Samoa. Appellants have been residents of American Samoa for more than five years and therefore are subject to personal jurisdiction of this court.

In the petition for rehearing and/or reconsideration, appellants merely restate their previous position that the customary law of Samoa supports their previous position that the customary law of Samoa supports their contention that the Note and Security Agreement executed by the Penes on December 22, 1982, is an "unwritten" contract rather than a "written contract" for the purposes of determining the appropriate statute of limitations. As the court stated in its original Opinion and Order, appellants have not produced adequate evidence to support their claim that the cases cited by appellees are inapplicable, nor have they produced adequate evidence to support their own interpretation of customary law. Appellants' present attempts to persuade the court by attaching their own schematic diagrams of their views of the current state of Samoan customary law are equally unpersuasive upon this court.

Finally, appellants' assertion that Mr. Pene was not fully apprised of the transactions in this matter carries no weight, as the alleged strife between Mr. Pene and his wife has no effect upon the "unwritten" or "written" status of the Note and Security Agreement at issue in this case.

Accordingly, having reviewed appellants' arguments in support of their petition for rehearing and finding none compelling, appellant's petition for rehearing and/or reconsideration of the court's Opinion and Order of December 11, 1990, is hereby DENIED.